UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC. | CIVIL ACTION |
| VERSUS | NO. 17-4303 |
| MALLET ENTERPRISES, INC. ET AL | SECTION "L" (2) |

## ORDER & REASONS

Before the Court is Defendants' motion to dismiss. R. Doc. 19. Plaintiff responds in opposition. R. Doc. 21. Having considered the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

### I. BACKGROUND

Plaintiff brings this claim under The Cable & Television Consumer Protection and Competition Act. R. Doc. 1 at 2. Plaintiff claims that Defendants violated Plaintiff's rights as the exclusive commercial domestic distributor of a televised fight. R. Doc. 1 at 2. Plaintiff J&J Sports Productions, Inc. ("J&J") is a distributor of closed circuit pay-per view boxing and special events. R. Doc. 1 at 5. Defendant Mallet Enterprises, Incorporated, also known as Encore Nightclub, ("Encore") is the operator of a nightclub in New Orleans. R. Doc. 1 at 3. Defendants Deirdre Mallet and Gloria Mallet are the owners of Encore. R. Doc. 1 at 4.

Plaintiff alleges that, on May 3, 2014, Defendant Encore unlawfully intercepted and broadcast Plaintiff's programming in the nightclub. R. Doc. 1 at 6. Plaintiff further alleges that Defendants Deirdre and Gloria Mallet supervised the unlawful interception and broadcast at Encore. R. Doc. 1 at 5. Plaintiff claims that Defendants gained a commercial advantage and private financial gain by intercepting and broadcasting Plaintiff's programming. R. Doc. 1 at 8. Plaintiff

1

claims that Defendants have violated 47 U.S.C. Sections 553 and 605 and 18 U.S.C. Sections 2511 and 2520. R. Doc. 1 at 13. Under these statutes, Plaintiff claims damages, costs, and attorney's fees. R. Doc. 1 at 13.

Defendants timely answer denying the allegations in Plaintiff's complaint. R. Doc. 7. Defendants Deidre and Gloria Mallet deny that they are responsible for the management or supervision of the Encore nightclub. R. Doc. 7 at 2.

## II. PENDING MOTION

Defendants Deirdre Mallet and Gloria Mallet have filed a motion to dismiss for failure to state a claim. R. Doc. 19. Defendants argue that Plaintiff has failed to make any valid claims against them personally. R. Doc. 19-1 at 1. Defendants argue that Plaintiff has failed to allege any facts that would establish that Defendants Deirdre and Gloria Mallet are the alter egos of Defendant Mallet Enterprises Inc. and therefore, the Court may not pierce the corporate veil. R. Doc. 19-1 at 3. Therefore, Defendants argue that the claims against them personally should be dismissed. R. Doc. 19-1 at 4.

Plaintiff responds in opposition arguing that it has made sufficient allegations against Deirdre Mallet and Gloria Mallet such that the corporate shield is not available to them. R. Doc. 21. Plaintiff alleges that its claim is based upon an intentional tort (broadcasting its program without paying) committed by Deirdre Mallet and Gloria Mallet as individuals. R. Doc. 21-2 at 2. Plaintiff alleges that this act of theft can be imputed to the business, Defendant Mallet Enterprises Inc. because Deirdre Mallet and Gloria Mallet were acting to conduct Mallet Enterprises' business when they committed the tort. R. Doc. 21-2 at 2. Plaintiff argues that the corporate shield is not available to the individual defendants because this is a tort suit rather than a breach of contract. R. Doc. 21-2 at 3. Plaintiff alleges that the individual defendants are personally at fault for the alleged

2

tort causing Plaintiff's damages. R. Doc. 21-2 at 9. Therefore, Plaintiff argues that it has stated a claim against the individual defendants and asks the Court to deny Defendants' motion to dismiss. R. Doc. 21-2 at 10.

The dispositive issue in this case is whether an alleged intentional tortfeasor is shielded from suit when acting as an officer for a corporation.

## III. LAW & ANALYSIS

### a. Motion to Dismiss Standard

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Generally, when evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court should not look past the pleadings.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The district court must construe facts in the light most favorable to the nonmoving party and must accept as true all factual allegations contained in the complaint. *Ashcroft*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

### b. Discussion

The Fifth Circuit has repeatedly held that an officer may not use the corporate shield when he commits fraud or intentional torts. *See, e.g.*, *General Retail Services, Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 794-95 (5th Cir. 2007); *Union Carbide Corp. v. UGI Corp.*, 731 F.2d 1186, 1189–90 (5th Cir. 1984). While these cases dealt particularly with personal jurisdiction over the defendant corporate officers, the holdings demonstrate that there is no need to pierce the corporate veil when an officer of a corporation commits a fraudulent act or intentional tort. Thus, considering the allegations of tortious activity leveled at the individual defendants in this case, it is clear that here, Plaintiff has made sufficient allegations to support a claim against Defendants Deirdre Mallet and Gloria Mallet in their individual capacities.

## I. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' motion to dismiss, R. Doc. 19, is **DENIED**.

New Orleans, Louisiana, this 21st day of December, 2017.

_____
UNITED STATES DISTRICT JUDGE